UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
JOSE ANTONIO POLANCO VELEZ,          :
                                     :
                   Petitioner,       :      18cv8347 (DLC)
                                     :      17cr572 (DLC)
         -v-                         :
                                     :      OPINION AND ORDER
UNITED STATES OF AMERICA,            :
                                     :
                   Respondent.       :
                                     :
------------------------------------ X

APPEARANCES:

For petitioner Jose Antonio Polanco Velez:
Jose Antonio Polanco Velez pro se

For respondent United States of America:
Kiersten Ann Fletcher
United States Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

    Jose Antonio Polanco Velez ("Velez") has petitioned for a
writ of habeas corpus pursuant to Title 28, United States Code,
Section 2255.  He alleges that he was provided ineffective
assistance of counsel in association with his guilty plea and
sentencing.  For the following reasons, the petition is denied.

## Background

    On May 17, 2017, Velez was charged in a complaint with
conspiring to distribute oxycodone, in violation of Title 21,
United States Code, Sections 841(b)(1)(C) and 846.  The

complaint described sales by Velez to an informant of 118 oxycodone pills, each in the 15 milligram dose, on December 16, 2016; of 119 oxycodone pills, each in the 15 milligram dose, on January 12, 2017; and of 100 oxycodone pills, each in the 30 milligram dose, on February 14, 2017.  The complaint also alleges that, at the direction of law enforcement, the informant discussed the purchase of specific quantities of oxycodone with Velez on telephone calls that were recorded by law enforcement, and that the informant provided to law enforcement all of the oxycodone acquired from Velez.  Velez was arrested on May 23, 2017.

Velez waived indictment on September 20, 2017 and was charged in a one-count information with conspiring to distribute oxycodone, in violation of Title 21, United States Code, Sections 841(b)(1)(C) and 846.  Trial was set for December 11, 2017.  Pursuant to a plea agreement, he pleaded guilty to the one-count information before this Court on October 13, 2017. Retained counsel represented Velez at his plea.

Prior to accepting his guilty plea, the Court placed Velez under oath and conducted an extensive allocution.  During the proceeding, Velez acknowledged, among other things, that he had discussed with his counsel the offense with which he had been charged, his potential defenses, and the consequences that could

result from a guilty plea.  He confirmed that he was satisfied with his representation by counsel.  Velez acknowledged understanding the penalties that applied to the charge to which he was pleading guilty, including the fact that it carried a maximum term of imprisonment of 20 years and that a conviction would make it far easier for the Government to deport him.  He represented that he had discussed the issue of deportation with his attorney.  Velez was warned that no one could give him any assurance of what sentence the Court would impose and he acknowledged understanding that fact.

The Court also reviewed the plea agreement with Velez.  He reported that the document had been translated to him and that he had discussed it with his attorney before signing it.  He represented that he believed he understood its terms when he signed it.  He specifically acknowledged understanding that by signing the document he had stipulated that his Sentencing Guidelines range was 24 to 30 months of incarceration, and he had waived his right to appeal or challenge any sentence of 30 months' imprisonment or less.

During the plea colloquy, Velez admitted selling oxycodone pills over a four-month period in the Bronx.  He described reselling on a consignment basis the pills that he received from his supplier.

On February 23, 2018, Velez was sentenced principally to a term of imprisonment of 24 months.  His mother, accompanied by her home health aide, attended the sentence.  Among the factors urged by defense counsel for leniency in his sentencing memorandum and at the sentencing proceeding were his client's remorse, his and his mother's health, the potential impact of Velez's incarceration on his mother's health, his likely deportation, and his successful record of employment.  During the sentencing proceeding, the parties discussed the fact that Velez had received oxycodone pills from a pharmacy for illegal distribution, but that he had declined to cooperate with the Government and provide information on the pharmacy.  Although Velez was advised of his right to appeal, he did not appeal his conviction.

## Discussion

In his petition, Velez alleges that his counsel provided him ineffective assistance.  Claims of ineffective assistance of counsel are assessed under the well-established standard set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  In order to prevail on an ineffective assistance of counsel claim, a petitioner must first demonstrate that "the attorney's representation 'fell below an objective standard of reasonableness.'"  United States v. Rosemond, 958 F.3d 111, 121

4

(2d Cir. 2020) (quoting Strickland, 466 U.S. at 688).  Second,
the petitioner must establish prejudice, meaning the petitioner
must show that "there was 'a reasonable probability that, but
for counsel's unprofessional errors, the result of the
proceeding would have been different.'"  Id. (quoting
Strickland, 466 U.S. at 694).  "The standard by which a
defendant must establish ineffective assistance is rigorous and
presents a high bar because courts apply a presumption of
effective performance."  United States v. Melhuish, 6 F.4th 380,
393 (2d Cir. 2021) (citation omitted).  "The burden of rebutting
this presumption" of effectiveness "rests squarely on the
defendant," and "the absence of evidence" of ineffectiveness
"cannot overcome" the presumption of effectiveness.  Dunn v.
Reeves, 141 S. Ct. 2405, 2410 (2021) (citation omitted).  "To
satisfy the second prong of Strickland in the context of plea
negotiations, the defendant must show that there is a reasonable
probability that were it not for counsel's errors, he would not
have pled guilty and would have proceeded to trial."  United
States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005).

Velez's petition alleges that his counsel provided
ineffective assistance in several ways.  Because Velez has not
shown that his counsel's performance was objectively
unreasonable with respect to any of these issues or that his

5

counsel's performance prejudiced him, his § 2255 petition is denied.

Velez asserts that his attorney failed to investigate his case in multiple ways, resulting in a harsher sentence.  This is based on his assertions that his attorney allowed him to plead guilty to conspiring to distribute an amount of drugs "greater than the amount" actually involved and that his attorney told the Government that Velez had received the oxycodone from a pharmacy when Velez had never told his attorney that his source was a pharmacy.  These assertions establish neither ineffective assistance of counsel nor prejudice.

Velez's offense of conviction did not require him to admit to the distribution of any specific quantity of oxycodone or subject him to a mandatory minimum sentence.  Pursuant to his plea agreement, however, Velez stipulated that he conspired to distribute 12.4 grams of oxycodone, resulting in a base offense level of 22 under the Sentencing Guidelines.  That quantity was based on the number of pills purchased by the informant from Velez and given by the informant to law enforcement.  The parties further agreed to a five point reduction in Velez's offense level because of his minor role in the conspiracy and his acceptance of responsibility, resulting in an applicable Sentencing Guidelines offense level of 17 and a stipulated

Guidelines range of 24-30 months.  Velez has not identified what investigation his attorney could have undertaken to alter the calculation of the drug quantity.  And given that the charged conduct involved the sale of drugs to an informant who provided the drugs to law enforcement, it is implausible that further investigation could have altered the quantity calculation. Similarly, he has not identified what investigation could have been done to better identify the source of the oxycodone Velez sold.  He knew where he had obtained the pills and as the Presentence Report reflected, he had told the informant to whom he sold the oxycodone that it came from a pharmacy.

Even if it is the case that Velez's counsel improperly failed to determine through investigation that the quantity of drugs involved was lower than the amount listed in the plea agreement and the pills did not come from a pharmacy, Velez has not shown that, but for his counsel's error, he would not have pled guilty and would have proceeded to trial.  Indeed, he does not even claim in his petition that he would have either proceeded to trial or rejected the plea agreement if his counsel had conducted a more fulsome investigation.

A number of factors suggest that it is unlikely Velez would have rejected the plea agreement.  Velez has "not provided any persuasive reason for doubting the strength of the government's

case against him"; if he had rejected the plea agreement, he
would have lost the benefit of the reduction of his base offense
level for the acceptance of responsibility; he may have lost his
minor role adjustment as additional evidence came to light; and,
in the absence of a plea agreement, he may have faced the
possibility of indictment, trial, and conviction on additional
charges that might have resulted in a lengthier period of
incarceration.  Arteca, 411 F.3d at 321-22.  Velez has not
explained how, given these factors, his attorney's purported
failure to investigate would have influenced his decision to
accept the plea agreement.  Consequentially, he has not
established prejudice under Strickland.

        Velez next asserts that his attorney did not adequately
advise him about the plea agreement or his sentencing exposure
before he entered his plea of guilty.  He asserts that his
attorney did not read the plea agreement to him, did not explain
the sentencing guidelines range, and told him that he would get
a sentence of time served or no more than 12 months in prison if
he signed the plea agreement.  Each of these statements is
contradicted by Velez's sworn statements under oath at his plea
allocution and can be rejected for that reason.  "Where, as
here, defendant's specific claim is that counsel has misled him
as to" the potential sentence he could face upon pleading

guilty, "the issue is whether the defendant was aware of actual
sentencing possibilities." Arteca, 411 F.3d at 320 (citation
omitted). "[T]he representations of the defendant" during a
plea hearing "constitute a formidable barrier in any subsequent
collateral proceedings" because "[s]olemn declarations in open
court carry a strong presumption of verity." Blackledge v.
Allison, 431 U.S. 63, 73-74 (1977). Velez's bare post hoc
assertion that he was not aware of the terms of his plea
agreement cannot overcome the strong presumption in favor of
crediting his sworn statements to the contrary during his plea
allocution.

Velez also claims that his counsel provided him ineffective
assistance because his attorney did not explain that a potential
consequence of his conviction was deportation to the Dominican
Republic. It is true that, in order to provide effective
assistance, counsel must "advise a defendant of the possible
consequences of a guilty plea, including adverse immigration
consequences like deportation." Casilla v. United States, No.
15cv6816(DLC), 2015 WL 5729728, at *2 (S.D.N.Y. Sept. 30, 2015)
(citing Padilla v. Kentucky, 559 U.S. 356, 374 (2010)). But
here, the record indicates that Velez's counsel advised him of
the potential immigration consequences of his conviction. At
his plea allocution, Velez confirmed in response to direct

questioning from the Court that he was aware that a conviction "will make it far easier for the government to deport [him]," that he had discussed this issue with his attorney, and that he nonetheless wished to plead guilty.  Since Velez's self-serving claim that he was not advised of the potential immigration consequences of his conviction is squarely contradicted by the record, his claim of ineffective assistance on this issue may be rejected.

Velez's claim that his counsel failed to introduce mitigating evidence at sentencing is also contradicted by the record.  Velez argues that his attorney did not raise any mitigating factors at his sentence, including that the informant entrapped him, that his mother was ill, that he was the primary caretaker of his mother, that he had a good employment record, and that he was remorseful.  But his counsel's sentencing submission addressed these issues: it requested a sentence of time served based on, inter alia, Velez's remorse, his steady employment history, his health challenges, and his need to provide care for his elderly mother.  Attached to the submission were medical records for both Velez and his mother.  Defense counsel also presented many of these issues to the Court orally at sentencing.  While the Court ultimately did not adopt defense counsel's suggestion of a below-Guidelines sentence, that does

not imply defense counsel's performance at sentencing was
Constitutionally inadequate.

Finally, defense counsel was not ineffective in failing to
apply for § 3553(f) safety valve relief because Velez was
ineligible for such relief.  In order to quality for safety
valve relief at sentencing, a defendant must "truthfully
provide[] to the Government all information and evidence the
defendant has concerning the offense or offenses that were part
of the same course of conduct."  18 U.S.C. § 3553(f)(5).  At
sentencing, the parties agreed in statements made on the record
that Velez failed to provide to the Government information
regarding a pharmacy that supplied him with narcotics for
distribution.  His counsel was not ineffective for declining to
pursue relief for which Velez was not eligible.  His attorney
asked that Velez not be penalized for his decision not to
cooperate with the Government and the Court agreed.

### Conclusion

Velez's September 11, 2018 petition for a writ of habeas
corpus is denied.  The petitioner has not made a substantial
showing of a denial of a federal right and, therefore, a
certificate of appealability shall not be granted.  Hoffler v.
Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski,
135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d

11

24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith.  <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). The Clerk of Court shall close the case.  The Clerk of Court shall also mail a copy of this Opinion and Order to Velez and note mailing on the docket.

Dated:     New York, New York
           September 28, 2021


                                   _____
                                       DENISE COTE
                              United States District Judge